FILED
SUPERIOR COURT
OF GUAM

2020 AUG 18 PM 4: 08

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NOS.: |
| | ) | CM0001-20/CM0199-20 |
| Plaintiff, | ) | **(CONSOLIDATED AS CM0001-20)** |
| vs. | ) | |
| | ) | **DECISION AND ORDER** |
| JARRETT CRUZ PANGELINAN, JR., | ) | **CONSOLIDATING CASES AND** |
| | ) | **TRANSFERRING CASE TO MENTAL** |
| Defendant. | ) | **HEALTH COURT DOCKET** |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on August 18, 2020 for a hearing to address Defendant's competency to be proceeded against.[1] Defendant was not present, but was represented by counsel Assistant Public Defender PJ Sablan, who waived his client's presence for the purpose of the hearing. Also present by phone was Defendant's mother Yvonne Demapan. Assistant Attorney General Alyssa Draper-Dehart represented the People of Guam. For the reasons set forth herein, the Court issues this Decision and Order consolidating the cases and transferring this matter to the Mental Health Court docket.

## BACKGROUND

**CM0001-20:** On January 2, 2020, Defendant was charged with Criminal Mischief as a Misdemeanor for allegedly kicking a door and breaking a mirror and a door latch at the victim's

---

[1] The Defendant's competency to be proceeded against was placed at issue before the Magistrate Judge on January 8, 2020, at the Arraignment Hearing. A forensic evaluation was ordered by the magistrate on January 8, 2020 and Defendant was committed to the custody of the Guam Behavioral Health and Wellness Center (GBHWC).

*People of Guam vs. Pangelinan, Criminal Case No. CM0001-20 and CM0199-20*
*Consolidated Case No. CM0001-20*
Decision and Order Re. Motion to Consolidate and Transfer to MHC
*Page 1 of 5*

residence. He was initially committed to the Department of Corrections on January 3, 2020, but was transferred to the custody of the Guam Behavioral Health and Wellness Center on the same date. On January 6, Defendant entered a plea of Not Guilty by Reason of Mental Illness, Disease or Defect. *Entry of Plea of Not Guilty by Reason of Mental Illness, Disease or Defect* (Jan. 6, 2020). Magistrate Judge Jonathan Quan issued an Order for Forensic Evaluation (Jan. 8, 2020). Prior to the pandemic shut down on March 17, 2020, Defendant was to have been transferred to Lighthouse Recovery Center (LRC); however, following the shut down of non-essential services, Defendant remained at the Adult InPatient Unit (AIU) of GBHWC until his release on July 14, 2020. *Order of Conditional Release* (Jul. 14, 2020).

On March 9, 2020, a Forensic Evaluation was filed finding that Defendant was "not competent to be proceeded against and to be sentenced." *Forensic Evaluation* at p. 5 (Mar. 9, 2020). On the issue of restorability, the undisputed conclusion is that Defendant "may not possibly be restored to competency because of the chronic nature of his current psychiatric and cognitive conditions." *Id.* at p. 7. Both the People and Defendant agree with the findings set forth in the Forensic Evaluation. However, before the Defendant could be transferred to the appropriate service provider and to the mental health court docket, the pandemic caused a shut-down of government operations, including the progress of the instant case.

**CM199-20**: On or about May 24, 2020, while Defendant was confined at the AIU of GBHWC under the order issued by Magistrate Quan, he is alleged to have assaulted employees of GBHWC and caused property destruction. These allegations form the basis of two charges against him for Assault as a Misdemeanor and one charge of Criminal Mischief (As a Misdemeanor). *Magistrate Complaint* (May 26, 2020). Although no Order for Forensic

*People of Guam vs. Pangelinan, Criminal Case No. CM0001-20 and CM0199-20*
*Consolidated Case No. CM0001-20*
Decision and Order Re. Motion to Consolidate and Transfer to MHC
*Page 2 of 5*

Evaluation was issued in this case, the parties agreed during the August 18, 2020 hearing, that the findings of Dr. Juan Rapadas in CM0001-20 would apply in the instant matter.

## DISCUSSION

### I. Consolidation is appropriate.

Under Guam law, "[t]he court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such a single indictment or information." 8 GCA § 65.30. In addition, "[t]wo (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based in the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA § 55.35(a).

When determining whether the offenses are properly joined, courts have traditionally considered "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of joining offenses is determined solely by the allegations in the indictment." *United States v. Greene*, 52 F.3d 335, *1 (9th Cir. 1995). (citing *United States v. Lane*, 474 U.S. 438, 447 (1986)).

The Court finds that the circumstances of CM0199-20 are of the same or similar character and involved the destruction of property and behavior that resulted in property damage. Moreover, the acts occurred within a 4-month span of time during a government shut-

*People of Guam vs. Pangelinan, Criminal Case No. CM0001-20 and CM0199-20*
*Consolidated Case No. CM0001-20*
Decision and Order Re. Motion to Consolidate and Transfer to MHC
*Page 3 of 5*

down occasioned by COVID-19. The Court finds additionally that, but for the original commitment to GBHWC in CM0001-20 and the inability to transfer him to LRC for treatment or to MHC for a treatment plan due to the shut-down of court operations until early June, 2020, Defendant would likely not have been charged with the later offense because he would have either been an in-patient at LRC or released to family members with a treatment plan and monitored by MHC.

For these reasons, the Court finds that consolidation of both matters is justified. The charges set forth in CM0199-20 shall be consolidated with those of CM0001-20 and the surviving case shall be CM0001-20.

## II.     Transfer to MHC is appropriate.

Under 9 GCA § 7.37(a), a competent defendant must be able to: understand the nature of the proceedings; assist and cooperate with his counsel; follow the evidence; and participate in his defense. Inability to perform even one of these tasks will support a finding of incompetency to be proceeded against. The question of Defendant's likelihood of regaining competency to be proceeded against under 9 GCA § 7.37 subsections (d) and (f) may take place in an open court competency hearing, but a "competency hearing is not mandatory under the provisions of 9 GCA § 7.43." *People v. Hemsing,* 2012 Guam 19 ¶ 11. Because a competency hearing is not required by § 7.43, "a trial court can properly make a determination as to competency solely on the basis of reports filed with the court." Hemsing ¶ 12.

The Forensic Evaluation concludes that Defendant is not competent to be proceeded against or sentenced and, further, that he is not likely capable of being restored to competency due to the chronic nature of his mental illnesses and cognitive abilities. The parties both adopt

*People of Guam vs. Pangelinan, Criminal Case No. CM0001-20 and CM0199-20*
*Consolidated Case No. CM0001-20*
Decision and Order Re. Motion to Consolidate and Transfer to MHC
*Page 4 of 5*

the findings of Dr. Rapadas and stipulate to his transfer to the Mental Health Court. Additionally, as a consequence of the Order of this Court consolidating CM0199-20 with CM0001-20, no separate forensic evaluation is necessary, as it would unnecessarily tax the resources of the court, of the mental health service provider and does not encourage judicial efficiency. For these reasons, the Court finds (and the parties have stipulated) that the Defendant is appropriate for participation in the Mental Health Court docket and, therefore, this consolidated CM0001-20 shall be transferred to the Mental Health Court.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

(1) CM0199-20 shall be consolidated with CM0001-20 and the surviving case shall be captioned CM0001-20; and

(2) This matter shall be transferred to the Mental Health Court and a further proceeding is scheduled before the Honorable Arthur R. Barcinas on October 6, 2020, at 2:30 p.m.

**SO ORDERED THIS** _____AUG 18 2020_____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
~~~~~~~~~~~~~~~~~~~~

Date: AUG 18 2020  Time: 4:04 pm

Deputy Clerk, Superior Court of Guam

*People of Guam vs. Pangelinan, Criminal Case No. CM0001-20 and CM0199-20*
*Consolidated Case No. CM0001-20*
Decision and Order Re. Motion to Consolidate and Transfer to MHC
*Page 5 of 5*